Opinion of the Court.
Hornblowee, C. J.
The errors relied upon for a reversal of this judgment, seem to be of a very unimportant character: but yet under the.decisions of this court, and the plain direction of the statute, I do not see how the judgment can be sustained. A witness was called by the complainant, who did not understand our language: thereupon one John Ellors'was offered as a sworn interpreter; but the defendant objected to him, on the ground of interest. The Justice after stating these facts, proceeds to state in his docket, as follows : “Sworn on his voire dire: examined, and sworn as interpreter:” but entirely omits to state his reason for admitting Ellor to be sworn. The reason -probably was, that in the Justice’s opinion, the witness had upon his voire dire satisfied him, that he was not interested in the suit. But the error assigned is, that the Justice has not entered on his record, his reason for overruling the objection and admitting the witness.
It further appears by the record, that the defendant offered in evidence, “ a paper purporting to be a contract between the parties, relating to the land in dispute,” and the Justice merely says, “ which I refused; ” without saying why he refused it: whether, because it was not proved or for what other, reason. The sixteenth section of the statute, Elm. Dig. 210; Rev. Laws. 349, specifically directs, that the Justice shall enter upon his docket, “ the admission of evidence objected to; and the rejection of evidence offered, and the reason of such admission or rejection.” In Snediker v. Quick, 1 Green’s R. 305, we indulged in some speculations, as to the design of the legislature, in making such an enactment, without arriving however, at any very satisfactory esult; but it seems to me, we must either overrule our decisions *297 in that and in other eases, and disregard the statute, or reverse this judgment. In Pricket v. Pricket et al. 7 Halst. R. 186, this court reversed a judgment, in an action of this kind, because the Justice had not copied the sheriff’s return to the venire in his docket; and the court said, they had recently reversed a judgment from the county of Sussex, for the same cause. The same strictness has been required in several cases subsequent to the one last cited. Let the judgment be reversed.

Judgment reversed.